IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTION DIVISION

| | | |
|---|---|---|
| GINA BURT | § § § § § § § § § | |
| | | CIVIL ACTION 3:19-CV-00024 |
| VS. | | |
| BEST NAILS | | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, GINA BURT, Plaintiff in the above entitled and numbered cause, complaining of and against BEST NAILS, Defendant herein, and for cause of action would respectfully show unto the Court and Jury the following:

### A. PARTIES

1. Plaintiff, GINA BURT, is an individual who resides in Manalapen, New Jersey.

2. Defendant, BEST NAILS, principal place of business is in Texas. Defendant is doing significant business in the State of Texas and may be served by and through an agent or clerk employed in the place of business for service of process, Best Nails located at 120 Circle Way #7D Lake Jackson, Texas 77566.

### B. JURISDICTION AND VENUE

3. Jurisdiction in this case is proper in this Court pursuant to 28 U.S.C. § 1332(a) as this case is between citizens of different states, and the amount in controversy exceeds $75,000.00.

4. Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b), because the wrongful act or omission of Defendant occurred within this Judicial District.

## C.  FACTUAL ALLEGATIONS

5.      Plaintiff would show that this lawsuit has become necessary as a result of personal injuries, which she sustained on or about September 04, 2018, when she went to Best Nails, located at 120 Circle Way St. Ste 7d Lake Jackson, Texas 77566. Plaintiff was an invitee of Best Nails because she went to Best Nails to receive a manicure and pedicure, something mutually beneficial to both parties. When Plaintiff arrived at the nail salon, she requested to get a "fill-in" on her hands and feet. When the manager at Best Nails commenced Plaintiff's manicure, Plaintiff explained that she was allergic to acrylic and asked that it not be used during either the manicure or pedicure. Despite Plaintiff's request, the Best Nails stylist who was giving Plaintiff the manicure and pedicure nonetheless and unbeknownst to Plaintiff applied acrylic to Plaintiff's fingernails and toenails.

6.      Soon after the Best Nails stylist placed the acrylic-filled polish on Plaintiff's nails, Plaintiff began to experience an allergic reaction to the acrylic nail polish.  Not only did the Plaintiff's finger and toe nails began to burn and itch, the skin immediately surrounding the finger and toe nails began to crack and bleed. The skin immediately surrounding the Plaintiff's finger and toe nails also became filled with puss during the course of the first night after her she had her nails done, making the Plaintiff's pain more unbearable.

7.      The Plaintiff endured the onset of painful symptoms due to the misapplication of acrylic to her finger and toe nails overnight and reported to CHI St. Luke's Brazosport where she was found to have suffered an allergic reaction with erythema, pain, and swelling to the cuticle regions of almost all her fingers and toes on both hands and both feet.

### D.  CLAIMS FOR RELIEF

### Negligence

8.  Plaintiff incorporates by reference and re-alleges paragraphs 1 through 7.

9.  The above-mentioned incident occurred as a result of and was proximately caused by the ongoing negligent conduct of Defendant's employee.  Defendant's employee owed Plaintiff a duty of reasonable care to not apply acrylic polish to Plaintiff's nails after Plaintiff warned the employee not to use nail polish with acrylic in it because Plaintiff is allergic to acrylic.  At the time of the accident made the basis of this suit, Defendant's employee breached this duty by:

  i. recklessly disregarding the safety of Plaintiff;
  ii. failing to take adequate precautionary measures to keep Plaintiff's finger and toe nails free from acrylic after being warned by Plaintiff that she was allergic to acrylic;
  iii. failing to provide Plaintiff an alternative to the application of acrylic polish;
  iv. other acts deemed negligent.

10.  Defendant is vicariously liable to Plaintiff for the negligent acts and/or omissions of its employees.

### Negligent Training

11.  The above-mentioned incident also occurred as a result of the negligent training by Defendant of its employees.  Defendant owed Plaintiff a duty to properly and adequately train its employees.  Defendant breached that duty by:

  i. failing to train its employees to avoid using products on customers that the customers warn the employees will cause the customers an allergic reaction;
  ii. failing to inform its employees as to the dangerous side effects of the products at Best Nails;
  iii. other acts deemed negligent.

12.  The negligence of Defendant's employee and the negligent training by Defendant proximately caused Plaintiff to suffer continuous pain in both of her hands and both of her feet,

physical disfigurement on her hands and feet, mental anguish, and other medical problems. In all reasonable probability, Plaintiff's physical pain, physical impairment, and mental anguish will continue indefinitely. Plaintiff has incurred and will incur pharmaceutical and medical expenses in connection with her injuries.

### E. DAMAGES

13. Plaintiff incorporates by reference and re-alleges paragraphs 1 through 12.

14. As a direct and proximate result of Defendant's actions and/or omissions, Plaintiff suffered the following injuries and damages:

   a. Plaintiff has been forced to incur reasonable and necessary medical expenses in the past, and in all reasonable medical probability, will continue to incur reasonable and necessary medical expenses in the future;

   b. Plaintiff has endured physical pain and suffering in the past, and in all reasonable medical probability, will continue to endure physical pain and suffering in the future;

   c. Plaintiff has suffered mental anguish in the past, and in all reasonable medical probability, will continue to suffer mental anguish into the future;

   d. Plaintiff has suffered physical impairment in the past and, in all reasonable medical probability, will continue to suffer physical impairment into the future;

   e. Plaintiff has suffered physical disfigurement in the past and, in all reasonable medical probability, will continue to suffer physical disfigurement into the future; and,

   f. Plaintiff has suffered lost earnings in the past and, in all reasonable probability, will continue to suffer loss of earning capacity into the future.

15. To the extent that the Plaintiff suffered from any pre-existing conditions, Plaintiff would show that such conditions, if any, were asymptomatic and were aggravated as a result of the incident made the basis of this case.

## F. JURY DEMAND

16. Plaintiff demands a trial by jury. A jury fee is being paid contemporaneously with the filing of this Complaint.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff, GINA BURT, prays that, after trial on the merits, she have judgment against Defendant, BEST NAILS for the following:

a. Sum in excess of the minimum jurisdictional limits of this Honorable Court;
b. Actual damages;
c. Pre-judgment interest and post-judgment interest at the maximum legal rate;
d. Costs of court; and
e. Any and all further relief, be it general or special, at law or in equity, to which Plaintiff may show herself justly entitled.

Respectfully submitted,

KOLODNY LAW FIRM, PLLC

_____
Alan Kolodny
SBN: 24056882
S. D. of Texas: 1267978
1011 Augusta Dr., Suite 111
Houston, Texas 77057
Telephone: (713) 532-4474
Facsimile: (713) 785-0597
Email: akolodny@fko-law.com

**ATTORNEY "IN CHARGE" FOR PLAINTIFF**